UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASSANDRA LEE HUDSON,

       Plaintiff,

v.

VELO LEGAL SERVICES, PLC
and SCOTT RENNER,

       Defendants.
                              /

Case No. 2:17-cv-10345

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [50]**

On February 3, 2017, Plaintiff Cassandra Lee Hudson filed her complaint alleging that Defendants Velo Legal Services, PLC and Scott Renner violated the Fair Debt Collection Practice Act ("FDCPA"). ECF 1. The alleged violations arose from Defendants' collection efforts in Michigan state court. *See generally id.* On August 27, 2018, the parties attempted to mediate the case with the magistrate judge. On November 13, 2018, Plaintiff filed her motion for summary judgment. ECF 50. On December 4, 2018, Defendants responded and suggested the Court "exercise its authority under Rule 56(f)(1) and grant summary judgment in their favor." ECF 52, PgID 844. The Court has reviewed the briefs and finds that a hearing is not necessary. E.D. Mich. LR 7.1(f). For the reasons below, the Court will deny Plaintiff's motion.

**BACKGROUND**

In February 2014, Plaintiff entered into a lease agreement ("Lease") with Sun Home Services, Inc. ("Sun Homes") to rent a mobile home. *See* ECF 1-4. Plaintiff

1

rented the home for personal, household, and family purposes. The Lease did not contain a term for charging interest. *See generally id.*

On August 15, 2016, Defendants filed a collection lawsuit in state court seeking to collect a debt Plaintiff allegedly owed under the Lease. ECF 1-3, PgID 31–36. The complaint that Defendants filed ("Filed Complaint") differed, however, from the complaint that Defendants had previously served on Plaintiff ("Served Complaint").

The Filed Complaint sought $2,558.45—a principal amount of $2,224.41 plus interest of $334.04. *See, e.g.,* ECF 1-3, PgID 31. The Served Complaint sought $3,101.08—a principal amount of $2,773.91 plus interest of $327.17. *See, e.g.,* ECF 1-2, PgID 25. Each complaint attached an affidavit of account, which included a disclaimer notifying Plaintiff that she had 30 days to dispute the debt. *Compare* ECF 1-2, PgID 27 *with* ECF 1-3, PgID 33.

Plaintiff hired an attorney and defended against the state court proceeding. The state court judge entered judgment in Defendants' favor (on behalf of Sun Homes) in the amount of $1,178.10 and did not award interest. *See* ECF 50-5, PgID 743. Plaintiff's attorney's fees in the state court case equaled $12,624.00. *See* ECF 50-8.

## STANDARD OF REVIEW

Summary judgment is proper if the movant shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material for purposes of summary judgment if its resolution would establish or refute an "essential element[] of a cause of action or

defense asserted by the parties[.]" *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citing Black's Law Dictionary 881 (6th ed. 1979)).

In considering a motion for summary judgment, the Court must view the facts and "draw all reasonable inferences in the light most favorable to the non-moving party." *Stiles ex rel. D.S. v. Grainger Cty.*, 819 F.3d 834, 848 (6th Cir. 2016). The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). And although the Court may not make credibility judgments or weigh the evidence, *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015), a mere "scintilla" of evidence is insufficient to survive summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff," *Anderson*, 477 U.S. at 252.

## DISCUSSION

The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading misrepresentation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. To prevail on a § 1692e claim, a plaintiff must prove that (1) she is a "consumer;" (2) the "debt" arose out of a transaction primarily related to personal, family, or household purposes; (3) the defendant is a "debt collector;" and (4) the defendant engaged in violative conduct. *See Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012). The parties dispute only the fourth element—whether Defendants' conduct violated the FDCPA. *See* ECF 50, PgID 457 (Plaintiff's motion

3

citing Defendant's discovery responses); ECF 52, PgID 828 (Defendants' response brief introducing the issue as only whether Defendants made misrepresentations).

Plaintiff alleges that Defendants violated the FDCPA during the state collection lawsuit in three ways: (1) identifying inconsistent amounts between the Filed Complaint and Served Complaint; (2) adding a claim for interest without contractual or statutory authorization; and (3) providing Plaintiff with a "misleading notice" of her time to dispute the debt. ECF 50, PgID 452. Plaintiff also sought summary judgment on each of Defendants' affirmative defenses. *Id.* at 465–69. The Court addresses each argument in turn.

I.  The Dueling Complaints

A debt collector violates the FDCPA if it makes a false representation of "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). The Defendants do not contest that the Filed and Served Complaints represented different debt amounts but assert that the difference resulted from a clerical error. *See* ECF 52, PgID 828. If the debt amount represented in the Filed Complaint was correct, then the debt amount in the Served Complaint was a false or misleading representation of the amount of the debt—and vice versa. Defendants' conduct therefore violated § 1692e(2)(A).[1] The Court must still determine, however, whether Defendants' affirmative defenses protect them from liability. *See infra.* Part IV.

---

[1] Plaintiff further argues that "not only did Defendants seek an inflated amount of money" in the Served Complaint, but also the state court "determined that Ms. Hudson owed less than the amount claimed" in the Filed Complaint. ECF 50, PgID 459–60. But bringing an unsuccessful—or partially successful—lawsuit is not "by

4

II. Defendants' Claim for Interest

The FDCPA prohibits the collection of any amount of interest unless a contract or the law permits recovery of interest. 15 U.S.C. § 1692f(1). Plaintiff alleges that Defendants violated that prohibition by seeking interest in the state court proceeding. Plaintiff maintains that, because the state court entered a judgment that "did not include an amount for interest" that the state court "made a finding that the amount of interest sought [by Defendants] . . . could not be recovered as a matter of contract or under Michigan law." ECF 50, PgID 460. Plaintiff then argues that res judicata bars the Court from considering the propriety of the interest. The Court will first address Plaintiff's res judicata argument. Then the Court will consider whether Defendants improperly sought interest.

*A. Res Judicata.*

Res judicata "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 817 (6th Cir. 2010) (quoting *Abbott v. Michigan*, 474 F.3d 324, 331 (6th Cir. 2007)). "The burden of proving res judicata is on the party asserting it." *Id.* Plaintiff does not carry her burden.

First, Plaintiff simply concludes that res judicata applies. *See* ECF 50, PgID 460. Second, Plaintiff misrepresents the state court's decision (and her own

---

itself . . . an action that cannot legally be taken." *Heintz v. Jenkins*, 514 U.S. 291, 296 (1995) (citation omitted).

5

representations made in state court). The following exchange during the Court's judgment colloquy provides an example of the mischaracterization:

> The Court: Okay. And I understood Mr. Anderson [Plaintiff's counsel] saying 5% interest was allowed in his - -
> Plaintiff's Counsel: That's correct.
> The Court: Closing argument. That's what I had heard.

ECF 50-6, PgID 791. Plaintiff's counsel then discussed the appropriate percentage of interest. *Id.* at 792–93. Counsel for Defendants stated that Plaintiff's counsel "admitted in closing that [Defendants are] entitled to interest." *Id.* at 794. Nevertheless, the state court judge concluded: "I'm going to not award interest." *Id.*; *see also id.* at 800 ("I'm not awarding interest."). Plaintiff fails to show that res judicata bars the consideration of whether Defendants properly sought interest.[2]

   B. *Whether Defendants Could Seek Interest.*

Plaintiff presents the following argument challenging the validity of Defendants' pursuit of interest in the state court: (1) Defendants sought interest, (2) the Court did not award interest, (3) therefore, interest was not permissible under state law. *See* ECF 50, PgID 460. Plaintiff's reply brief additionally argues that the Court should not read into the Lease a provision permitting the recovery of interest. ECF 53, PgID 849–51.

The FDCPA prohibits the collection of any amount of interest unless the interest amount "is expressly authorized by the agreement creating the debt *or*

---

[2] If res judicata were to apply, it would likely prohibit Plaintiff from raising her argument because she apparently conceded in state court that interest could apply but disputed the appropriate percentage of recoverable interest. *See* ECF 50-6, PgID 791–93.

6

*permitted by law*." 15 U.S.C. § 1692f(1) (emphasis added). Neither party disputes that the contract did not contain a provision permitting the recovery of interest.

But Michigan law permits recovery of interest on a breach of contract. *See* Mich. Comp. Laws § 438.31 ("The interest of money shall be at the rate of [5%] . . . except that in all cases it shall be lawful for the parties to stipulate in writing for the payment of any rate of interest, not exceeding 7%."); *see also Aleris Aluminum Canada L.P. v. Valeo, Inc.*, 718 F. Supp. 2d 825, 831 (E.D. Mich. 2010) ("Michigan law supports [Plaintiff's] request for interest at the rate of 5% per annum from the dates that" the defendant breached the contract "until final judgment."). Defendant thus did not violate § 1692f(1) by seeking interest because—although the Lease did not expressly permit interest—Michigan law permitted recovery of interest for Plaintiff's alleged breach of contract.

III. <u>Notice of Time to Dispute the Debt</u>

When considering whether a communication to a consumer is deceptive under the FDCPA, the Court employs the objective least sophisticated consumer standard. The standard "asks whether there is a reasonable likelihood that an unsophisticated consumer who is willing to consider carefully the contents of a communication might yet be misled by them." *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 172 (6th Cir. 2011).

In Plaintiff's view, the summons, complaint, and affidavit would confuse the least sophisticated consumer about the proper time to respond to the complaint and

7

dispute the debt. Plaintiff relies on *Marquez v. Weinstein, Pison & Riley, P.S.*, 836 F.3d 808 (7th Cir. 2016), in support of her argument. *See* ECF 50, PgID 461–62.

In *Marquez*, the debt collector filed a state court complaint to collect a debt. In a numbered paragraph of the complaint, the debt collector included the following language:

> Pursuant to 11 U.S.C. § 1692g(a), [the debtors] are informed that the undersigned law firm is acting on behalf of [the debt collector] to collect the debt and that the debt referenced in this suit will be assumed to be valid and correct if not disputed in whole or in part within thirty (30) days from the date hereof.

*Marquez*, 836 F.3d at 810. The Seventh Circuit determined that "[a] plain reading of the summons and the complaint would cause a consumer to believe that he had until the date in the summons to file an answer and contest the claim, but that beyond the 30-day period . . . he could no longer contest the validity or correctness of the debt." *Id.* at 813. The Seventh Circuit continued,

> Because the 30-day period would expire *before the date that the answer had to be filed* for each of the litigants, *those provisions in conjunction* would lead an unsophisticated consumer to believe that he had that 30-day period to dispute the debt and beyond that period he could not dispute that debt in his answer.

*Id.* (emphasis added). Moreover, "[t]he presence of such language in a court complaint, cross-referenced in the summons, would lead an unsophisticated consumer to believe that the debt will be considered valid by the *court* if not disputed within that 30 days." *Id.* at 814. The summons's language further magnified the problem because the language "mirrored the earlier demand letter to the consumers" and "would lead an unsophisticated consumer to believe that she must dispute the debt through the procedures outlined in the earlier letter." *Id.*

8

In sum, the Seventh Circuit found that the language violated the FDCPA because the least sophisticated consumer would be misled because the language: (1) would confuse the consumer about whether he could dispute the debt in a state court answer when the answer could be filed *after* the 30-day period to dispute the debt; (2) was included in the state court complaint; (3) was ambiguous as to whether the debt collector, the law firm, or the court would assume the validity of an undisputed debt; and (4) was identical to the language in a previous demand letter.

Here, the Court will consider only the Served Complaint. *See* ECF 50, PgID 460 (Plaintiff's motion for summary judgment referencing "[t]he state court lawsuit served upon Plaintiff"); *see also* ECF 52, PgID 836 (Defendants' response stating: "Plaintiff claims the summons served on Plaintiff was misleading"). The summons and complaint form used in Michigan state courts reads: "**YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside the state)." ECF 1-2, PgID 24. The two-page complaint followed. *See id.* at 25–26.

Then, attached to the summons and complaint was an "Affidavit of Account." *Id.* at 27. The affidavit included a section titled "Disclosures and Notices." *Id.* The first line after the section title stated that "[t]he following notices and disclosures *in no way alters* [sic] *a Defendant's/Debtor's rights or obligations with respect to this legal proceeding*, and the courts may have deadlines that differ." *Id.* Then, under the subheading "Validation," the disclosure stated, "Unless you notice this office within

9

30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid." *Id.*

*Marquez* is unpersuasive because none of the four factors identified by the Seventh Circuit are present here. First, Plaintiff had *less* time to respond to the state court complaint (21 days) than to dispute the debt (30 days), so she could not have been confused about whether she could dispute the debt in her state court answer. Second, the language was not a numbered paragraph in the complaint but was included in an attached affidavit. Third, the language clearly stated that "this office will assume the debt is valid," so the least sophisticated consumer would know that a failure to dispute the debt would not result in the *court* assuming the validity of the debt. ECF 1-2, PgID 27. Fourth, there is no evidence that the language in the disclosure mirrored the language in a previous demand letter.

Finally, and most importantly, Defendants' state-court complaint clearly stated that the notice "in no way alter[ed] a Defendant's/Debtor's rights or obligations with respect to this legal proceeding, and the courts may have deadlines that differ." *Id.* The least sophisticated consumer who "consider[ed] carefully the contents of [the] communication" would not be misled by it. *Grden*, 643 F.3d at 172.

IV. <u>Affirmative Defenses</u>

Plaintiff also seeks summary judgment on six of Defendants' affirmative defenses. *See* ECF 50, PgID 465–69. Defendants contest only four. *See* ECF 52, PgID 839–43. The Court therefore assumes that there is no genuine dispute of material fact that Plaintiff adequately pleaded standing and that consent, waiver, estoppel,

laches, and unclean hands do not bar Plaintiff's claims. *See* ECF 50, PgID 465–66, 468–69. The Court will now address the four remaining defenses.

   A. *The Bona Fide Error Defense.*

A debt collector that makes misrepresentations nonetheless can avoid civil liability if it shows "by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). *See also Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 537 (6th Cir. 2014) (requiring a debt collector to prove by a preponderance of the evidence that (1) the violation was unintentional, (2) it resulted from a bona fide error, and (3) it maintained procedures to avoid the error) (citation omitted). The bona fide error defense extends only to clerical and factual errors. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 580–81 (2010) (reversing the Sixth Circuit's decision to extend the bona fide error defense to mistakes of law).

Plaintiff argues that "Defendants admit knowledge that [their] actions violated the FDCPA"[3] and fail to produce "written procedures evidencing policies designed to

---

[3] The representation relies on statements in which Renner agreed that the error would be a violation absent a bona fide error defense. *See, e.g.,* ECF 50-3, PgID 589 ("But notwithstanding [a bona fide error defense], yes, I would agree any request for funds that is different than that [in a demand] . . . is a violation of the FDCPA.").

11

avoid the types of misrepresentations and violation[s] committed in [this] case."[4] ECF 50, PgID 467.

But Defendants demonstrated their entitlement to the bona fide error defense by a preponderance of the evidence. The error manifested in the Served Complaint was an inaccurate debt amount. Thus, Defendants committed a mistake of fact and not law. The Court must determine, therefore, whether Defendants' presentation of an erroneous debt amount was unintentional, resulted from a bona fide error, and occurred notwithstanding procedures to avoid the error.

First, Renner testified during his deposition that the Served Complaint relied on documentation provided to him by Sun Homes, but that, before Defendants filed the Filed Complaint, Sun Homes "verbally communicated" an "adjustment" to the amount owed. ECF 50-3, PgID 596. Moreover, the "Final Statement of Security Deposit Account" includes the Filed Complaint's debt amount ($2,224.41), but also reflects that the Served Complaint's debt amount ($2,773.91) was crossed out. *See* ECF 53-2, PgID 863.

Second, Renner testified during his deposition about the procedures Defendants maintain to prevent errors of the kind manifested here. Renner testified that he personally reviewed each complaint during the relevant period. ECF 50-3, PgID 656. Further, Defendants use software that includes "checkoff lists" containing "a specification relating to taking the information directly from" the information

---

[4] Plaintiff cites no authority deciding that § 1692k(c) requires written procedures. The statute requires only "procedures reasonably adapted to avoid" certain errors. 15 U.S.C. § 1692k(c).

provided by the creditors that Defendants serve. *Id.* at 658. In addition, when a creditor contacts Defendants about "direct payments or credits or adjustments," Defendants have a procedure requiring entry of "a 4B history note, which is the client update." *Id.* at 659. When a 4B history note is added to a file, a manager reviews it and "determine[s] what recourse" Defendants must take "on the account." *Id.* at 660. Renner further testified that Defendants maintained written policies of the described procedures. *Id.* at 663–64.

The undisputed facts therefore show that: (1) Defendants unintentionally included an erroneous debt amount in the Served Complaint based on Sun Homes's client information; (2) when Sun Homes updated the account, Defendants adjusted the amount in the Filed Complaint; and (3) Defendants maintained procedures to avoid misstating the debt owed in a state-court complaint. By a preponderance of the evidence, Defendants have shown their entitlement to the bona fide error defense.

### B. *Intentional and Willful Conduct.*

Plaintiff sought summary judgment on Defendants' affirmative defense that their alleged violations for seeking improper interest and misinforming the debtor of the time to dispute the debt were not intentional or willful. *See* ECF 50, PgID 467. The Court determined that the actions were not violations. *See supra* Parts II–III. Summary judgment for Plaintiff is therefore not appropriate.

### C. *Whether Plaintiff Suffered Damages or Failed to Mitigate Her Damages.*

Plaintiff finally seeks summary judgment on Defendants' affirmative defenses that she failed to mitigate her damages or did not suffer damages. *See* ECF 50, PgID

468. Plaintiff argues that Defendants sued her, and she hired a lawyer to defend the lawsuit, which is "reasonable and attributable to Defendants' conduct." *Id.* Plaintiff does not cite any authority and makes no argument to show that the legal fees arose because of an alleged FDCPA violation. *See id.* (quoting Abraham Lincoln and Henry Kett). She thus made an insufficient showing of an entitlement to summary judgment on this affirmative defense.

V.  Rule 56(f) and Summary Judgment

Rule 56(f) permits the Court to grant summary judgment for a nonmovant "[a]fter giving notice and a reasonable time to respond." Fed. R. Civ. P. 56(f). Based on the undisputed facts, the Court finds that Defendants are entitled to summary judgment because, as a matter of law, they did not violate the FDCPA by seeking interest or by using their notice of the time for the debtor to challenge the debt. The Court further finds, based on the undisputed facts, that Defendants possess a legally-sufficient bona fide error defense for serving Plaintiff with the Served Complaint containing an erroneous debt amount.

Before entering judgment in favor of Defendant, however, the Court will provide Plaintiff with the opportunity to brief whether a genuine dispute as to any material fact exists that precludes summary judgment in Defendants' favor.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion for summary judgment [50] is **DENIED**.

**IT IS FURTHER ORDERED** that, no later than **April 19, 2019**, Plaintiff shall **FILE** a brief, not to exceed ten pages, detailing any genuine disputes of material fact that she believes preclude summary judgment in Defendants' favor.

**IT IS FURTHER ORDERED** that Defendants may **FILE** a response brief, not to exceed seven pages, within seven days of Plaintiff's filing.

**SO ORDERED**.

                                                    s/ Stephen J. Murphy, III  
                                                    STEPHEN J. MURPHY, III  
                                                    United States District Judge

Dated: April 8, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 8, 2019, by electronic and/or ordinary mail.

                                                      s/ David P. Parker  
                                                     Case Manager