UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASSANDRA LEE HUDSON,

       Plaintiff,

v.

VELO LEGAL SERVICES, PLC
and SCOTT RENNER,

       Defendants.

Case No. 2:17-cv-10345

HONORABLE STEPHEN J. MURPHY, III

/

**OPINION AND ORDER**
**GRANTING SUMMARY JUDGMENT TO DEFENDANT**

On April 8, 2019, the Court denied Plaintiff Cassandra Lee Hudson's motion for summary judgment. ECF 54. The Court noted that, "[b]ased on the undisputed facts," the Defendants Velo Legal Services, PLC and Scott Renner appeared to be "entitled to summary judgment." *Id.* at 883. Pursuant to Rule 56(f), the Court provided Plaintiff notice and reasonable time to respond. *Id.* The Court directed Plaintiff to file a brief "detailing any genuine disputes of material fact" that precluded summary judgment in Defendants' favor. *Id.* at 884.

On April 21, 2019, Plaintiff filed her amended supplemental brief. ECF 56. On April 26, 2019, Defendants file their response. ECF 57. The Court has reviewed the briefs and finds that a hearing is unnecessary. E.D. Mich. LR 7.1(f). For the reasons below, the Court will grant summary judgment to Defendants pursuant to Rule 56(f).

1

## BACKGROUND

The Court's previous opinion detailed the relevant facts. ECF 54, PgID 870–71. The Court adopts that summary here.

## STANDARD OF REVIEW

"After giving notice and a reasonable time to respond," the Court may "grant summary judgment for a nonmovant." Fed. R. Civ. P. 56(f). Summary judgment is proper if there is "no genuine dispute as to any material fact" and a party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material for purposes of summary judgment if its resolution would establish or refute an "essential element[] of a cause of action or defense asserted by the parties[.]" *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citing Black's Law Dictionary 881 (6th ed. 1979)).

The Court views the facts and "draw[s] all reasonable inferences in the light most favorable to the nonmoving party." *Stiles ex rel. D.S. v. Grainger Cty.*, 819 F.3d 834, 848 (6th Cir. 2016) (citation omitted). The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). And although the Court may not make credibility judgments or weigh the evidence, *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015), a mere "scintilla" of evidence is insufficient to survive summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff," *Anderson*, 477 U.S. at 252.

**DISCUSSION**

The Court previously determined that (1) Defendants violated the FDCPA by serving Plaintiff with a state-court complaint containing an amount different from that stated in a filed state-court complaint, ECF 54, PgID 873; (2) Defendants were nevertheless entitled to the bona fide error defense, *id.* at 880–82; and (3) Defendants were entitled to seek interest in the previous state-court proceeding, *id.* at 875–76.

Plaintiff's supplemental brief argues that Defendants are not entitled to the bona fide error defense and that they sought an impermissible amount of interest. *See generally* ECF 56. The Court addresses each argument in turn.

I. <u>Bona Fide Error Defense</u>

Plaintiff identifies two issues of fact that she believes preclude summary judgment: (1) "a genuine issue of fact as to whether the procedures [adopted by Defendants] were 'reasonably adapted' to avoid the specific error at issue;" and (2) Defendants "never attempted to rectify serving the wrong complaint," which "creates an issue of genuine material factual dispute for the trier of fact." ECF 56, PgID 1261–62.

*A. Motion for Reconsideration.*

First, insofar as Plaintiff seeks reconsideration of the Court's previous legal determinations, her motion is untimely and fails to demonstrate a palpable defect. *See, e.g., id.* at 1260 (Plaintiff's supplemental brief arguing: "Here, the Court, in its Opinion, overlooked [the third] requirement [of the bona fide error defense]."). Plaintiff also renews her objection that Defendants did not produce their written

3

policies. *Id.* at 1261. A motion for reconsideration must be filed within fourteen days after entry of the contested order. E.D. Mich. LR 7.1(h)(1). Moreover, a party must show that the order contained "a palpable defect" and "that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). Finally, a party cannot "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." *Id.* As the Court previously explained, Renner testified at his deposition that Defendants maintained a procedure adapted to avoid the error at issue, and Plaintiff did not identify authority requiring a written policy. ECF 54, PgID 881–82; *id.* at 881 n.4.

   B. *Procedures Adapted to Avoid Similar Errors.*

"A party asserting that a fact . . . is genuinely disputed must support the assertion by: citing to particular portions of materials in the record." Fed. R. Civ. P. 56(c)(1). Plaintiff maintains that Defendants failed to show by a preponderance of the evidence that they used procedures reasonably adapted to avoid the error she experienced. ECF 56, PgID 1260–61. But Plaintiff fails to identify record evidence demonstrating a genuine dispute of material fact.

Rather, Plaintiff renews her previous complaint that Defendants "did not *offer* to provide the written policies in discovery." ECF 56, PgID 1261. But Defendants respond that they "are not aware of any follow up request from Plaintiff to provide [the] written policies." ECF 57, PgID 1272. Regardless, Defendants attached copies of the procedure to its response. *See* ECF 57-1. The testimony and the attached procedures show that Defendants adopted "processes that have mechanical or other

4

such regular orderly steps." *Leeb v. Nationwide Credit Corp.*, 806 F.3d 895, 899 (7th Cir. 2015) (quoting *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, LPA*, 559 U.S. 573, 587 (2010)). Based on the attached written procedure, and Renner's testimony as described, *see* ECF 54, PgID 881–82,[1] Defendants have shown by a preponderance of the evidence that they maintained policies and procedures reasonably adapted to avoid the error experienced by Plaintiff. And Plaintiff fails to identify "evidence on which the jury could reasonably find for [her]." *Anderson*, 477 U.S. at 252.

*C. Attempts to Rectify the Complaint.*

Third, Plaintiff argues that there is a genuine issue of material fact that Defendants "never attempted to rectify serving the wrong complaint" on her. ECF 56, PgID 1262. The Court's previous opinion relied on that undisputed fact to find a violation of the FDCPA. *See* ECF 54, PgID 873. Plaintiff's argument—which includes only a single quoted sentence and a portion of Renner's deposition—fails to identify portions of the record demonstrating a genuine factual dispute.

II. <u>Amount of Interest</u>

Plaintiff next argues that Defendants sought an inappropriate amount of interest. Plaintiff maintains that "there is questionable evidence of procedures in place reasonably adapted to prevent" an incorrect calculation of interest. ECF 56,

---

[1] Plaintiff cites a Middle District of Florida case that held that "[a] conclusory declaration that the debt collector maintained procedures to avoid error is insufficient." ECF 56, PgID 1260 (citing *Bacelli v. MFP, Inc.*, 720 F. Supp. 2d 1328, 1333 (M.D. Fla. 2010)). But Renner testified in detail about the procedure and how it was used for each case processed by Defendants. *See* ECF 50-3, PgID 656–64.

PgID 1266. Plaintiff then cites to hundreds of pages of exhibits and concludes "[t]hese responses are not consistent with Renner's testimony thereby creating issues of fact and credibility." *Id.* But Plaintiff fails to identify any instance of inconsistency or to provide further explanation of her argument. The remainder of Plaintiff's supplemental brief provides legal arguments about whether Defendants' pursuit of an inflated amount of interest violates the FDCPA. *See* ECF 56, PgID 1263–68. Plaintiff's argument fails for a number of reasons.

First, insofar as Plaintiff seeks reconsideration of the Court's previous order finding Defendants could seek interest, the request is untimely and insufficient. *See* E.D. Mich. LR 7.1(h).

Second, Plaintiff fails to identify specific portions of the record demonstrating a genuine dispute of material fact.

Third, Plaintiff's complaint primarily related to Defendants' pursuit of interest as a general matter. *See* ECF 1, PgID 9 ("The interest charged by Defendants and added to the state complaint was not authorized by contract or law."); *id.* at 10 ("The interest charged by Sun Homes as referenced in the Complaints was not authorized" by (1) "the lease from which the Debt arose," (2) "any agreement between Sun Homes and Plaintiff," or (3) "any applicably law."); *id.* at 12 ("The Complaints in tandem falsely represented the amount owed as Defendant illegally added interest to which it was not entitled."); *id.* at 20 (identifying the common question for a putative class action as whether Plaintiff was "sued for interest not provided for by contract or state

6

law"). As the Court previously explained, Defendants could seek interest. ECF 54, PgID 875–76.

Fourth, Plaintiff's argument about the amount of interest was previously addressed by the state court. As the Court detailed, the state court proceeding considered the propriety of the amount of interest sought by Defendants. *See id.* at 874–75 & n.2 (addressing Plaintiff's res judicata argument and noting that, if res judicata applied, Plaintiff's claims related to interest were likely barred).

Finally, even if Plaintiff's claim about the amount of interest were valid, Defendants are entitled to the bona fide error defense. Plaintiff maintains that Defendants charged her interest for 883 days instead of 653 days. *See* ECF 56, PgID 1264. As Renner testified, a member of his office appeared to have calculated interest based on "the contract date instead of the move out date." ECF 50-3, PgID 622. Renner further explained that the error deviated from Defendants' procedure. *Id.* at 623.

Plaintiff maintains that the bona fide error defense applies particularly to "clerical mistakes, such as an error in transposing numerals or a recently broken keyboard key" and that Defendants' error was not a clerical mistake. ECF 56, PgID 1266. Plaintiff then cites *Washington v. Convergent Outsourcing, Inc.*, 15 C 7043, 2017 WL 1093152 (N.D. Ill. Mar. 23, 2017) for support. *Id.* In *Washington*, an employee updated a debt account "by marking it with the code '3ACA' instead of '3DSP.'" *Id.* at *1. The employee's error was "a textbook example of a clerical mistake." *Id.* at *4.

There is no evidence in the record that Defendants' entry of the wrong date was anything other than a genuine mistake. The error mirrors the "textbook" clerical mistake described by *Washington* and relied on by Plaintiff. Renner testified at his deposition that the error was not consistent with Defendants' procedures. ECF 50-3, PgID 622–23. Plaintiff produces no evidence—and relies merely on her conclusory allegations—that Defendants' action was intentional. Because Defendants maintained policies and procedures reasonably adapted to avoid this type of error, *see supra*, "Discussion" Part I.B., Defendants are entitled to the bona fide error defense.

In conclusion, Plaintiff failed to identify a genuine dispute of material fact that would preclude summary judgment in Defendants' favor. And the legal arguments she raised in her supplemental brief sought reconsideration of the Court's previous ruling, but the arguments were untimely and failed to meet the requisite standard. *See* E.D. Mich. LR 7.1(h)(3).

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the Court will enter judgment in favor of Defendants and against Plaintiff.

This is a final order and closes the case.

**SO ORDERED**.

Dated: May 2, 2019

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 2, 2019, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager